# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, CONCORD MUSIC GROUP, INC., and CONCORD BICYCLE ASSETS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ALTICE USA, INC. and CSC HOLDINGS, LLC,<br><br>Defendants. | CIVIL ACTION NO. 2:22-cv-00471-JRG<br><br>JURY TRIAL DEMANDED |

## ANSWER TO THE COMPLAINT

Defendants Altice USA, Inc. and CSC Holdings, LLC (collectively "Altice" or the "Defendants") by and through their counsel, hereby answer the Complaint of Plaintiff BMG Rights Management (US) LLC ("BMG"), Plaintiffs UMG Recordings, Inc. and Capitol Records, LLC (collectively, the "UMG Plaintiffs"), and Plaintiffs Concord Music Group, Inc. and Concord Bicycle Assets, LLC (collectively, the "Concord Plaintiffs" and with BMG and the UMG Plaintiffs, the "Plaintiffs"), dated December 14, 2022 (the "Complaint"), as follows:

## NATURE OF THE CASE[1]

1. Defendants admit that Paragraph 1 quotes the word "staggering" from the referenced opinion from the Supreme Court of the United States, but Defendants deny the allegations in Paragraph 1 of the Complaint that reflect the characterization of the opinion on the basis that the opinion speaks for itself. Defendants refer the Court to the opinion for an accurate

---

[1] For the Court's convenience, Defendants reproduce the headings from the Complaint. Defendants do not thereby concede, affirm, or otherwise adopt any of those headings.

1

rendition of its contents. Defendants otherwise lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 1 of the Complaint, and on that basis deny those allegations.

2. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 2 of the Complaint, and on that basis deny those allegations.

3. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 3 of the Complaint, and on that basis deny those allegations.

4. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 4 of the Complaint, and on that basis deny those allegations.

5. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 5 of the Complaint, and on that basis deny those allegations. To the extent the allegations in Paragraph 5 refer to reports, Defendants refer the Court to those reports for an accurate rendition of their contents.

6. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 6 of the Complaint, and on that basis deny those allegations. To the extent the allegations in Paragraph 6 refer to analyses, Defendants refer the Court to those analyses for an accurate rendition of their contents.

7. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 7 of the Complaint, and on that basis deny those allegations.

8. Defendants admit that they operate as an internet service provider and market and provide high-speed internet service to consumers in at least 21 states, including those referenced in Paragraph 8 of the Complaint. Defendants deny the remaining allegations in Paragraph 8 of the Complaint.

9. Defendants deny the allegations in Paragraph 9 of the Complaint.

10. The first two sentences of Paragraph 10 of the Complaint constitute Plaintiffs' characterization of copyright law and legal conclusions to which Defendants are not obligated to respond. Defendants deny the remaining allegations in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 11 of the Complaint, and on that basis deny those allegations. Defendants further deny that Plaintiffs are entitled to any relief.

## JURISDICTION AND VENUE

12. Defendants admit that Plaintiffs have filed this action under the copyright laws of the United States, but deny that there has been any wrongdoing.

13. Defendants admit that this Court has subject matter jurisdiction over Plaintiffs' claims.

14. Defendants admit that they conduct business in Texas, provide services to customers in Texas, and have stores and service centers located within Texas, including stores located at 4949 S Broadway Ave., Tyler, Texas 75703, and Green Acres Shopping Center, 1847 Troup Hwy, Suite 300, Tyler, TX 75701. Defendants also admit that they have other physical locations in Texas and have invested in upgrading their network infrastructure in the states in which they offer services, including Texas. To the extent the allegations in Paragraph 14 of the Complaint contains legal conclusions, no response is required. To the extent the allegations in Paragraph 14 refer to a press release, Defendants refer the Court to that press release for an accurate rendition of its contents. Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15. Defendants admit that Altice provides internet service to subscribers located in Texas, advertises and promotes its services to customers in Texas, and has employees in Texas. Defendants deny that there has been any unlawful conduct giving rise to the claims in this case. Defendants deny the remaining allegations in Paragraph 15 of the Complaint.

16. Defendants deny that there has been any unlawful conduct giving rise to the claims in this case. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 16 regarding the residence or location of any alleged infringers, and on that basis deny those allegations. Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17. Defendants deny that there has been any unlawful conduct giving rise to the claims in this case. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 17 regarding the residence or location of any alleged infringers, and on that basis deny the allegations. Paragraph 17 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations of Paragraph 17.

**PLAINTIFFS AND THEIR MUSICAL COMPOSITIONS AND SOUND RECORDINGS**

18. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of the Complaint, and on that basis deny those allegations.

19. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 19 of the Complaint, and on that basis deny those allegations.

20. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Complaint, and on that basis deny those allegations.

21. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 21 of the Complaint, and on that basis deny those allegations.

22. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 22 of the Complaint, and on that basis deny those allegations.

23. Defendants admit that Exhibit A to the Complaint purports to list the works alleged by Plaintiffs in this action. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 23 of the Complaint, and on that basis deny those allegations.

## DEFENDANTS AND THEIR INFRINGING ACTIVITIES

24. Defendants admit that Altice USA, Inc. is a Delaware corporation. To the extent the allegations in Paragraph 24 of the Complaint contain a legal conclusion, no response is required.

25. Defendants admit that CSC Holdings, LLC is a Delaware limited liability company. To the extent the allegations in Paragraph 25 of the Complaint contain a legal conclusion, no response is required.

26. Defendants admit that Altice USA, Inc. is a holding company, and its wholly-owned subsidiary is CSC Holdings, LLC. Defendants also admit that Altice USA, Inc., through CSC Holdings, LLC and its various subsidiaries, provides services in 21 states and that Altice maintains terms of service, other agreements, and a website that speak for themselves. Defendants deny the remaining allegations in Paragraph 26 of the Complaint.

27. Defendants admit that Altice USA, Inc. was incorporated in 2015 and that it has acquired certain entities since that time, including those that provide internet services. Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

28. Defendants admit that in June 2016, Altice N.V. contributed Cequel Corporation to Altice USA, Inc. Defendants admit that Cequel Corporation offered certain services under the Suddenlink brand. Defendants also admit that in June 2016, Altice USA, Inc. acquired Cablevision

Systems Corporation. Defendants admit that Cablevision Systems Corporation offered certain services under the Optimum brand. Defendants deny the remaining allegations in Paragraph 28 of the Complaint.

29. Defendants admit that in 2021, Altice USA, Inc. acquired Morris Broadband, LLC. Defendants deny the remaining allegations in Paragraph 29 of the Complaint.

30. Defendants admit that in or around August 2022, they began offering their "Suddenlink"-branded services under their "Optimum" brand and discontinued the use of the "Suddenlink" brand. To the extent the allegations in Paragraph 30 refer to a news article, Defendants refer the Court to that news article for an accurate rendition of its contents. Defendants otherwise deny the allegations in Paragraph 30 of the Complaint.

31. Defendants admit that, as general matter, the internet can be used to communicate with other internet-connected users, including via the BitTorrent protocol. Defendants admit that they offer various products at different price points. Defendants deny the remaining allegations in Paragraph 31 of the Complaint.

32. Defendants admit that they offer internet access services with advertised download speeds in excess of 1 gigabyte per second in certain markets subject to certain conditions. To the extent the allegations in Paragraph 32 refer to a press release, Defendants refer the Court to that press release for an accurate rendition of its contents. Defendants deny the remaining allegations in Paragraph 32 of the Complaint.

33. Defendants admit that they engage in various network and customer management practices, including with respect to violations of their General Terms and Conditions of Service, Acceptable Use Policy, and any applicable laws or regulations. Defendants deny the remaining allegations in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Altice received notices of alleged infringement from third parties, some of which purport to contain information regarding IP addresses, a "port," the date and time of the detection of an alleged infringement, and, in some cases, an artist and/or title, but lack knowledge or information as to whether and which of these notices were sent on behalf of Plaintiffs and the accuracy of any purported information contained within those notices, and on that basis, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 34 of the Complaint.

35. Defendants admit that Altice maintains a General Terms and Condition of Service, a Copyright Infringement Policy, and an Acceptable Use Policy, among other polices regarding the use of its services, and those documents speak for themselves. Defendants deny the remaining allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

**PLAINTIFFS' ENFORCEMENT ACTIVITIES AND DEFENDANTS' EFFORTS TO THWART THEM**

38. Defendants lack knowledge or information sufficient to admit or deny the allegations in the first and third sentences of Paragraph 38 of the Complaint, and on that basis deny those allegations. Defendants admit that the second sentence of Paragraph 38 accurately quotes from a portion of an opinion from the U.S. Court of Appeals for the Seventh Circuit, but Defendants deny the allegations in Paragraph 38 of the Complaint that reflect the characterization of the Seventh Circuit's opinion on the basis that the opinion of the Seventh Circuit speaks for itself. Defendants deny the remaining allegations in Paragraph 38 of the Complaint.

39.     Defendants admit that since 2018, they have received millions of notices of alleged infringement from various third parties, but lack knowledge or information as to whether and which of these notices were sent on behalf of Plaintiffs and the accuracy of any purported information contained within those notices, and on that basis, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 39 of the Complaint.

40.     Defendants admit that Altice received notices of alleged infringement from third parties, some of which purport to contain information regarding IP addresses, a "port," and the date and time of the detection of an alleged infringement, but lack knowledge or information as to whether and which of these notices were sent on behalf of Plaintiffs and the accuracy of any purported information contained within those notices, and on that basis, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 40 of the Complaint.

41.     Paragraph 41 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 41 of the Complaint as Plaintiffs have not identified which notices allegedly sent to Altice pertain to their "works" or claims in this case, and on that basis deny those allegations. Defendants deny the remaining allegations in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint contains legal conclusions to which no response is required. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 43 of the Complaint as Plaintiffs have not identified which notices allegedly sent to Altice pertain to their "works" or claims in this case, and on that basis deny those allegations. Defendants deny the remaining allegations in Paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint contains legal conclusions to which no response is required.  Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 44 of the Complaint as Plaintiffs have not identified which notices allegedly sent to Altice pertain to their "works" or claims in this case, and on that basis deny those allegations.  Defendants deny the remaining allegations in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     Paragraph 46 of the Complaint contains legal conclusions to which no response is required.  Defendants admit that Altice maintains a General Terms and Condition of Service and an Acceptable Use Policy, among other policies regarding the use of its services, and those documents speak for themselves.  Defendants admit that they maintain the right and ability to terminate customer accounts under certain circumstances.  Defendants deny the remaining allegations in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations in Paragraph 50 of the Complaint and deny that Plaintiffs are entitled to any relief.

51.     Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Complaint.

## CLAIMS FOR RELIEF

### COUNT I – CONTRIBUTORY INFRINGEMENT OF COPYRIGHT

53.     Defendants incorporate by reference their responses to Paragraphs 1 through 52 of the Complaint.

54. Paragraph 54 contains legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 54 of the Complaint, and on that basis deny those allegations. Defendants deny the remaining allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Paragraph 57 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

## **COUNT II – VICARIOUS INFRINGEMENT OF COPYRIGHT**

64. Defendants incorporate by reference their responses to Paragraphs 1 through 63 of the Complaint.

65. Paragraph 65 contains legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 65 of the Complaint, and on that basis deny those allegations. Defendants deny the remaining allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Paragraph 68 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Complaint.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

## PRAYER FOR RELIEF

Plaintiffs' Prayer for Relief contains legal conclusions to which no response is required. To the extent a response is required, Altice denies any allegations associated with Plaintiffs' Prayer for Relief and denies that Plaintiffs are entitled to any relief.

## JURY TRIAL DEMAND

Defendants demand a trial by jury of all issues that are so triable.

## AFFIRMATIVE DEFENSES

Defendants identify the following affirmative defenses and reserve the right to raise additional defenses as discovery proceeds. Defendants do not assume the burden of proof on any issue, however characterized, on which it does not bear that burden. Defendants reserve all affirmative defenses not stated herein under Rule 8(c) of the Federal Rules of Civil Procedure and any other defense at law or in equity that may now exist or in the future be available based upon discovery and further investigation in this case.

1. Plaintiffs' claims are barred or their damages are limited because any infringement was innocent and/or not willful.

2. Plaintiffs' claims are barred because Defendants' ISP service has substantial non-infringing uses.

3. Plaintiffs' claims are barred by the doctrine of unclean hands.

4. Plaintiffs' claims are barred by the doctrine of laches.

5. Plaintiffs' claims are barred by the doctrine of copyright misuse.

6. Plaintiffs' failure to mitigate damages bars their claims or limits their recovery.

7. The doctrines of estoppel and/or waiver bars Plaintiffs' claims.

8. To the extent that Plaintiffs rely upon copyright registrations that rest upon misstatements, fraud, or material errors, those misstatements, fraud, or material errors bar Plaintiffs' claims.

9. To the extent that Plaintiffs failed to comply with renewal, notice, and registration requirements and/or other formalities, Plaintiffs' claims are barred.

10. The Complaint, and each cause of action within it, fails to state facts sufficient to constitute a cause of action.

11. The statute of limitations bars Plaintiffs' claims to the extent Plaintiffs allege infringements that accrued outside the three-year limitations period, including any applicable tolling of the limitations period.

12. Plaintiffs' claims are barred, in whole or in part, by the First Amendment to the U.S. Constitution, including but not limited to the application of 17 U.S.C § 512(i) to service providers protected by 17 U.S.C § 512(a).

13. Application of the Copyright Act and its remedies to the conduct of Defendants and their customers as Plaintiffs request would violate due process.

14. To the extent that Plaintiffs can establish any underlying direct or secondary infringement, Defendants' liability and Plaintiffs' remedies are limited because

Defendants qualify for "safe harbor" under the Digital Millennium Copyright Act ("DMCA") 17 U.S.C. § 512(a).

Dated: May 26, 2023

Respectfully submitted,

*s/ Michael S. Elkin*
Michael S. Elkin (*pro hac vice*)
Sean R. Anderson (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
melkin@winston.com
sranderson@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
jgolinveaux@winston.com

Wesley Hill (Texas Bar No. 24032294)
Claire Henry (Texas Bar No. 24053063)
Ward, Smith & Hill, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
wh@wsfirm.com
claire@wsfirm.com

*Counsel for Defendants Altice USA, Inc. and CSC Holdings, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 26, 2023.

                                                *s/ Michael S. Elkin*
                                                Michael S. Elkin