UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, CONCORD MUSIC GROUP, INC., and CONCORD BICYCLE ASSETS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ALTICE USA, INC., and CSC HOLDINGS, LLC,<br><br>Defendants. | CIVIL ACTION NO. 2:22-CV-471-JRG |

## JOINT STATUS REPORT

Plaintiffs BMG Rights Management (US) LLC ("BMG"); UMG Recordings, Inc. and Capitol Records, LLC ("UMG"); and Concord Music Group, Inc. and Concord Bicycle Assets, LLC ("Concord") (collectively, "Plaintiffs") and Defendants Altice USA, Inc. and CSC Holdings, LLC ("Defendants" or "Altice") (collectively, "Parties") hereby submit this Joint Status Report pursuant to the Court's Order regarding Plaintiffs' agreements with digital service providers (Dkt. 110 at 2, the "Order").

### Plaintiffs' Statement

As Plaintiffs advised the Court at the late December hearing, the mechanism for producing agreements with Spotify, Apple Music, Amazon, Google Plus, and Pandora (the "DSPs") was expected to be an involved process. UMG and its counsel have worked diligently to identify the

agreements and amendments thereto that would be responsive to this Court's Order.[1] Due to company-wide holiday closures that were already in place at the December 21 hearing, this effort began in earnest early this month. UMG has provided formal written notice of the Court's Order to each DSP pursuant to contractual provisions in the agreements, and has provided each DSP with a copy of the applicable Protective Order in this case. UMG has also discussed specifics of the Order with Spotify, Pandora, Amazon, and Google. During those conversations, Spotify, Pandora, Amazon, and Google have questioned the relevancy of the agreements to this case and expressed significant concerns over the commercial sensitivity of the agreements, including how the agreements may be used, what portions of the agreements might be redacted, whether the agreements may end up in the public record, and with whom the agreements may be shared pursuant to the Protective Order. Additional conversations with Apple are expected to take place shortly.

Certain of the DSPs are considering whether to intervene in the case to address the production of the agreements at all, or, alternatively, to seek redactions of the agreements and appropriate modifications to the Protective Order in this case to ensure that, among other things (a) only outside counsel and experts of the parties have access to the redacted agreements; and (b) to address ultimate disclosure of the agreements in the trial record of this case. The communications between the parties to these agreements have not yet lent themselves to the involvement of Altice as discussions have concerned, among other things, the nature of proposed redactions as well as the nature of information that was redacted in a prior litigation.

UMG respectfully requests an additional ten (10) days to comply with the Court's Order. UMG expects to be in a position in ten (10) days to either produce copies of the agreements with

---

[1] There are no responsive Concord DSP agreements for the reason stated by Plaintiffs' counsel to Defendants' counsel.

redactions similar to those made in other cases and, if needed, present proposed Protective Order amendments for the Court's consideration. If one or more of the DSPs elects to intervene before this Court to protect their own interests, UMG proposes that it await further instruction of the Court with respect to the production of agreements related to those intervening parties. At this point, each of the DSPs is considering its various options.

Subject to the Court's approval, UMG requests an additional 10 days to coordinate with the DSPs and propose submitting a further status report on February 1, 2024.

### Defendants' Statement

Despite this Court instructing "Plaintiffs, Altice, and the relevant third-party DSPs [] to work together to pursue an agreed-upon structure for the production to ensure adequate protection of the third-parties," Dkt. No. 110, Plaintiffs have failed to engage with Altice on this process or to provide meaningful information on the status of discussions with the various DSPs. On January 5, 2022, having heard nothing on the subject from Plaintiffs in the two weeks following the December 21, 2023 hearing, Altice contacted Plaintiffs to inquire as to whether and when the Plaintiffs had reached out to the various DSPs, and to request that, to the extent any DSPs have raised concerns, Plaintiffs immediately alert Altice so that Plaintiffs, Altice, and the relevant DSP could pursue an agreed-upon structure for production pursuant to the Court's Order. Plaintiffs failed to respond to this inquiry, prompting Altice to follow up on January 11. Plaintiffs responded on January 12, stating only that they would "provide an update next week." Plaintiffs' "update" did not come until Friday, January 19, a full week later and the last business day before the Court ordered a status update. Plaintiffs represented that "UMG has identified certain agreements and commenced communication with the DSPs," with no further explanation as to when UMG reached

3

out to the DSPs, whether any DSPs had objected to producing the agreements, or the current status of discussions concerning the same.

Further, Plaintiffs did not provide their draft submission on this issue until 3 pm CT today, which was the first time Altice learned that UMG was seeking a ten-day extension, that Plaintiffs had yet to speak to two of the five DSPs (Apple and Google), or that any DSP was considering intervening in this case. Plaintiffs still have not indicated when they commenced these discussions, which, as they represented at the December 21 hearing, would be time consuming. Of particular concern is the notion that Plaintiffs are conveying relevance objections of certain DSPs despite the Court having ordered the agreements be produced.

Defendants need these materials at upcoming 30(b)(6) depositions of the parties as well as in connection with expert reports that are in the process of being drafted. Time is of the essence.

Finally, while Defendants are amenable to discussing appropriate modifications to the existing Protective Order to facilitate the production of the DSP agreements, we remain available to discuss this with the Plaintiffs and the pertinent third parties. But, as noted, Plaintiffs have failed to engage with Altice to facilitate such requests. We would respectfully request the Court order Plaintiffs to promptly comply with this Court's prior Order.

Dated: January 22, 2024                                Respectfully submitted,

/s/ Michael J. Allan                                   /s/ Michael S. Elkin
Michael J. Allan                                       Michael S. Elkin
John William "Bill" Toth                               Krishnan Padmanabhan
Joseph F. Ecker                                        Sean R. Anderson
Steptoe LLP                                            Winston & Strawn LLP
1330 Connecticut Ave. NW                               200 Park Avenue
Washington, DC 20036                                   New York, NY 10166
(202) 429-3000                                         (212) 294-6700
(212) 506-3900                                         melkin@winston.com
mallan@steptoe.com                                     sranderson@winston.com

btoth@steptoe.com
jecker@steptoe.com

Jamie L. Lucia
Steptoe LLP
One Market Plaza
Steuart Tower, 10th Floor, Suite 1070
San Francisco, California 94105
(415) 365-6711
jlucia@steptoe.com

John J. Byron
Steptoe LLP
227 West Monroe Street, Suite 4700
Chicago, IL 60606
(312) 577-1283
(312) 577-1370
jbyron@steptoe.com

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com
The Davis Firm, PC
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiffs BMG Rights Management (US) LLC, UMG Recordings, Inc., Capitol Records, LLC, Concord Music Group, Inc., and Concord Bicycle Assets, LLC*

kpadmanabhan@winston.com

Jennifer A. Golinveaux
Winston & Strawn LLP
101 California Street, 35th Floor
San Francisco, CA 94101
(415) 591-1506
jgolinveaux@winston.com

Clement S. Roberts
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105
(415) 773-5700
croberts@orrick.com

Christopher J. Cariello
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019
(212) 506-5000
ccariello@orrick.com

Mark S. Puzella
Orrick, Herrington & Sutcliffe LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
(6170 880-1802
mpuzella@orrick.com

Wesley Hill
Texas State Bar No. 24032294
wh@wsfirm.com
 Claire Henry
Texas State Bar No. 24053063
claire@wsfirm.com
 Charles Everingham IV
Texas State Bar No. 00787447
ce@wsfirm.com
 Ward, Smith & Hill, PLLC
1507 Bill Ownes Parkway
Longview, TX 75604
Telephone: (903) 757-6400

*Counsel for Defendants Altice USA, Inc. and CSC Holdings, LLC*

5

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this January 22, 2024 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Michael J. Allan*
Michael J. Allan
