# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, CONCORD MUSIC GROUP, INC. and CONCORD BICYCLE ASSETS, LLC, | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL CASE NO. 2:22-CV-00471-JRG |
| ALTICE USA, INC., and CSC HOLDINGS, LLC, | § § § § | |
| *Defendants*. | § § | |

## ORDER

The Court held a hearing ("the Hearing") in the above-captioned case on Friday, April 12, 2024 regarding (1) Plaintiffs' Motion to Compel Material Withheld on Improper and Unsupported Assertions of Privilege (Dkt. No. 134), (2) Opposed Motion for Protection from Apex Depositions (Dkt. No. 135), (3) a portion of Defendants Altice USA, Inc.'s and CSC Holdings, LLC's Motion to Compel Rightscorp, Inc. and Plaintiffs (Dkt. No. 143), and (4) a portion of Defendants Altice USA, Inc.'s and CSC Holdings, LLC's Motion to Compel (March 25, 2024) (Dkt. No. 144) (collectively with Dkt. Nos. 134, 135, and 143, the "Motions").[1] (Dkt. No. 172.) This Order memorializes the Court's rulings on the Motions as announced into the record from the bench. Accordingly, it is hereby **ORDERED** as follows:

---

[1] The Court originally scheduled the Hearing for the discovery motions filed at docket numbers 134, 135, 139, 140, 141, 143, and 144. However, as explained in separate Orders (Dkt. Nos. 169, 170), the Parties fully resolved all disputed issues in docket numbers 139, 140, and 141, and the Parties resolved most of the disputed issues in docket numbers 143 and 144. This Order addresses docket numbers 134 and 135, and the remaining issues related to docket numbers 143 and 144. Accordingly, all relief sought in docket numbers 139, 140, 141, 143, and 144 (or addressed by docket numbers 169 and 170) not addressed herein are **DENIED as moot**.

1. **Plaintiffs' Motion to Compel Material Withheld on Improper and Unsupported Assertions of Privilege (Dkt. No. 134)**

In Plaintiffs' Motion to Compel Material Withheld on Improper and Unsupported Assertions of Privilege, Plaintiffs urged the Court to compel Defendants "to produce documents and communications withheld under improper and unsupported assertions of privilege." (Dkt. No. 134 at 1.) As reflected on the record, the Court did not find a compelling basis to grant the requested relief. Accordingly, as reflected on the record, Plaintiffs' Motion to Compel Material Withheld on Improper and Unsupported Assertions of Privilege was **DENIED**.

2. **Opposed Motion for Protection from Apex Depositions (Dkt. No. 135)**

In Plaintiffs' Opposed Motion for Protection from Apex Depositions, Plaintiffs urged the Court "for a protective order and to quash two Fed. R. Civ. P. ('Rule') 30(b)(1) deposition notices served by Defendants on Plaintiffs' executives: Mr. Thomas Coesfeld, CEO of BMG; and Mr. Bob Valentine, CEO of Concord." (Dkt. No. 135 at 1.) As reflected on the record, the Court found that Plaintiffs made adequate high-level personnel available for deposition, and that Plaintiffs have shown a less intrusive means of obtaining the information Defendants seek. Accordingly, as reflected on the record, the Opposed Motion for Protection from Apex Depositions was **GRANTED**.

3. **Defendants Altice USA, Inc.'s and CSC Holdings, LLC's Motion to Compel Rightscorp, Inc. and Plaintiffs (Dkt. No. 143)**

In advance of the Hearing, the Parties informed the Court that they reached agreements on many of the disputed issues in Defendants Altice USA, Inc.'s and CSC Holdings, LLC's Motion to Compel Rightscorp, Inc. and Plaintiffs. (Dkt. No. 143.) These agreements have been memorialized by Court Order. (Dkt. No. 170 at 2.) However, one disputed issue remained for the Hearing: Defendants urged the Court to compel Plaintiffs to produce documents and information regarding post-hoc attempts to verify Rightscorp notices. (Dkt. No. 143 at 5–7.) As reflected on

the record, the Court did not find a compelling basis to grant the requested relief. Accordingly, as reflected on the record, this portion of Defendants Altice USA, Inc.'s and CSC Holdings, LLC's Motion to Compel Rightscorp, Inc. and Plaintiffs was **DENIED**.

**4. Defendants Altice USA, Inc.'s and CSC Holdings, LLC's Motion to Compel (March 25, 2024) (Dkt. No. 144)**

In advance of the Hearing, the Parties informed the Court that they reached agreements on many of the disputed issues in Defendants Altice USA, Inc.'s and CSC Holdings, LLC's Motion to Compel (March 25, 2024). (Dkt. No. 144.) These agreements have been memorialized by Court Order. (Dkt. No. 170 at 2–3.) However, one disputed issue remained for the Hearing: Defendants urged the Court to compel Plaintiffs to produce all their agreements with digital service providers ("DSP") relating to streaming. (Dkt. No. 144 at 6–7.) As reflected on the record, the Court did not find a compelling basis to grant the requested relief. Rather, the Court found that (1) Defendants failed to show that production of the additional DSP agreements is necessary, and (2) granting the requested relief would likely cause unnecessary delay to the case schedule. Accordingly, as reflected on the record, this portion of Defendants Altice USA, Inc.'s and CSC Holdings, LLC's Motion to Compel (March 25, 2024) was **DENIED**.

**So ORDERED and SIGNED this 22nd day of April, 2024.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE